Judge Nicholas
delivered the opinion of (he Court.
Routt was convicted under an indictment for permitting unlawful gaming in ids house, and sentenced to pay a fine of $250. Afterwards, oh the day of his conviction, Feemster, as commonwealth’s attorney, gave him a receipt for the amount of the fine, but without, in fact, receiving any part of the money, and took from Routt a covenant, with surety, to pay him $250, for the use of the commonwealth, provided the governor did not, by a named day, remit the fine. The governor afterwards remitted the whole of it extept $20. Feemster then brought this suit upon the covenant against Routt. The ease was submitted t© the de *132 termination of the circuit court without the inter™ vention oí a jury, and tiie sum of $62 50 cents acljudged to Feemster.
The act of 1833 to sup pies-iunlan lul gaming-illo' s the attorney prosecuting any one to oonvi-tion, 25 er cent, on :he ‘uin colicctad, ■ ot c"v're7™It”” vests in the attorney, no int™restin the fine separate fiorn that of the commonwealth, nor abrogates her constitutional power to remit.
Treason ex cepted, the " power nf the ivmit^fines^ and forfei tures, grant repneves and ihnited^iflim¡tablean.'uncontrolable.”
The act of 1823 under which Routt was prosecuted, says, that any prosecuting attorney who shall prosecute any person to conviction under it, shall be entitled to twenty five per cent of the amount of such fine as shall be collected. In rendering judgment in favor of Feemster, for one fourth of the fine, we presume the circuit court construed this a<t to vest the prosecuting attorney with the abso¡ute right to that portion of it and for that much °i" as curtailing the gubernatorial power of remission.
We can see no room for any such construction. The act gives the prosecuting attorney one fourth of the money when collected, but vests him with no interest in the fine, or sentence, separate and distinct from that of the commonwealth, that would screen his share from the effect of any legal opera-abrogate the tion which should, before collection whole, or a part of it. It would require language of the strongest and most explicit character to authorize a presumption, tiiat the legislature intended to confer any such right. We could never presume an intention to control the governor’s constitutional power to remit fines and forfeitures. If he can, in this way, be restrained in the exercise of his power to remit, for the fourth of a fine, so can he be for ^ie *la^’ or *"*!e This part of his prerogaHve cannot he curtailed. With the exception of the case of treason, his power to remit fines and forfeitnres> g!’ant reprieves and pardons, is unliipited, illimitable and (incontrolable. It has no bounds, but his own discretion. It is no doubt politic and proper for the legislature to incite prosecuting attorneys them a portion of fines anfl informers by giyin when collected; but in so doing, the citizen cannot i3e debarred ■ of his right of appeal to executive clemency. If, therefore, Feemster’s recovery is to be graduated by the amount of the fine not remitted, it should have been for ihe fourth of $20, instead of the fourth of the whole $250
He was entitled to recover nothing. The covenant on which he sues is illegal and void.
The act of 182'i directs that any per-so» convicted under it. shall be im risoned in jail until the fine is paid.
ProseciUing attorney has no riijht to give day substituting his responsibility for the consummation of the law, any covenant taken by him from the person convicted, is void, a breach of his official duty, and recovery cannot be had on it.
Brown for plaintiff.
We are not called on in this case to decide,whether a commonwealth’s attorney has a right to collect a-‘d rec’ive the dues due the state in money ;fo , > one,..ding that power, no just inference is thence deducitiuv he can commute them for any thing else, o ;t. money The act, before referred to, directs .ha! any person convicted under it, shall he imprisoned in jail until the fine is paid. Can it he períís'ícmI that the prosecuting attorney shall (bus intervene h substitution of his own liability to the slate in iu-ni o: rhat of the person convicted? • Or, that he can thus interpose and frustrate the execution of the .emeii-e of the law? Instant payment of' the fine, or immediate imprisonment in jail, as a part of the penalty held fortli by the law in terrorem against those who violate it. It was a manifest breach of official duty on the part of Feeinster to undertake to give ease and favor to Routt after his conviction, by indulgence as to time of payment, either with, or without security. The law gives no day, allows no respite, but requires immediate payment, or imprisonment. The covenant sued on having been given for ease and favor, obtained in breach of official duty on the part of tlie covenantee, the law condemns it as null and void.
The judgment is reversed, and cause remanded to circuit court for judgment to he there entered in fav- or of Routt, the plaintiff in error,who must recover costs in both courts.